IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joseph H. Gibbs, #185709, | ) | C/A No. 4:21-cv-03206-JD-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Broad River Correctional Institute,[1] | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[2] (DE 34.) Joseph H. Gibbs ("Petitioner"), a state prisoner proceeding *pro se*, brought this Petition for a Writ of Habeas Corpus ("Gibbs' Petition") pursuant to 28 U.S.C. § 2241. (DE 1.) On March 10, 1992, Gibbs was convicted of murder and burglary in State court and sentenced to life imprisonment. Gibbs now asks the court to "vacate" his state convictions and sentences and "restore all civil and legal rights, freedoms, and liberties." (DE 1, p. 33.) On November 11, 2022, the Magistrate issued the Report recommending summary dismissal of Gibbs' Petition, without prejudice and without requiring the captioned Respondent to file a return. (DE 16, p. 1.) After a thorough review of the Report and Record, the Court adopts the Report and incorporates it herein.

---

[1] See infra, p. 6, ¶ 1 for a discussion of the proper named respondents.

[2] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

**BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates herein without a complete recitation. However, as a brief background relating to the objections raised by Plaintiff, the Court provides this brief procedural background.

After Gibbs' 1991 conviction and sentence in the Court of General Sessions in Jasper County, South Carolina, he filed a timely notice of appeal, and the Supreme Court of South Carolina affirmed his conviction on May 14, 1993. See Op. No. 93-MO-111. Gibbs then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 before the United States District Court for the District of South Carolina. See Gibbs v. Davis, et. al, 3:93-cv- 2921-MJP. The District Court dismissed the mixed petition on September 14, 1994, and Gibbs did not file an appeal. On December 10, 1997, Gibbs filed a civil action in District Court, seeking a tolling of the statute of limitations for filing a § 2254. See Gibbs v. Atty. Gen. of SC et. al., 3:97-cv-3816-MJP. The District Court dismissed Gibbs' action without prejudice on July 23, 1998.

On August 27, 2001, Petitioner filed another federal petition for a writ of habeas corpus pursuant to § 2254 renewing many of the same claims from his original petition, including trial errors, denial of due process and access to the courts, and ineffective assistance of counsel, and he additionally alleged a claim of prosecutorial misconduct. See Gibbs v. Maynard, et. al., 3:01-cv-3578-MJP. On October 11, 2002, the Court denied Gibbs' petition, finding that Gibbs' petition was time-barred under the applicable statute of limitations, and, nevertheless, the merits of Petitioner's arguments failed. Id. On July 20, 2021, Gibbs filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on October 12, 2021. See Op. No. 21-5554. Gibbs subsequently filed the current writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that "prior actions in this court were inadequately adjudicated" and that "a miscarriage

of justice has been caused." (DE 1, p. 1.) Reiterating many of the same claims alleged in his previous actions, Petitioner asks that the Court "vacate" his 1992 criminal convictions and sentence and "restore all civil and legal rights, freedoms and liberties."³ (Id. at 33.)

On November 11, 2022, the Magistrate Judge issued the Report recommending this Court summarily dismiss Gibbs' Petition. (DE 16.) First, the Report found that "although Petitioner brings this action pursuant to 28 U.S.C. § 2241, his claims clearly fall under the purview of § 2254." (Id. at 5); see also In Re Wright, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254."). Next, the Report states that Gibbs' Petition is subject to a successive authorization requirement under 28 U.S.C. § 2244, which requires a petitioner receive authorization from the appropriate court of appeals before filing a second or successive § 2254 application. (DE 16 at 5); see also 28 U.S.C. § 2244(b)(3)(A), Rule 9, Rules Governing § 2254 Cases. The Report states that Gibbs' most recent § 2254 petition regarding the convictions at issue (3:01-cv-3578-MJP) was dismissed as untimely. (DE 16, p. 5.) Thus, the Report states, any subsequent § 2254 petition challenging the same convictions constitutes a second or successive petition under § 2254(b), and therefore, Gibbs "cannot pursue

---

³     Gibbs also filed numerous petitions in South Carolina state court. On November 4, 1994, he filed a PCR application before the Jasper County Court of Common Pleas, which was denied on March 20, 1995, and his subsequent petition for a writ of certiorari was equally denied on November 8, 1996. See Case No. 1994-CP-27-309. On October 8, 1998, Petitioner filed a document captioned, "Petition for Writ of Habeas Corpus" in the Jasper County Court of Common Pleas which was dismissed, and his subsequent appeal and writ of certiorari were equally denied. See Case No. 1998-CP-27-267. On November 7, 2012, Petitioner filed another document captioned, "Petition for Habeas Corpus" with the Jasper County Court of Common Pleas, which again was dismissed, and his subsequent appeal and writ of certiorari were equally denied. See Case No. 2012-CP-27- 691. Petitioner then filed a petition for a writ of habeas corpus with the South Carolina Supreme Court, which was denied on or around June 2, 2021. See App. Case No. 2020-1078.

3

the instant petition without first receiving permission from the appropriate court of appeals," which he has not received. (Id.) Accordingly, because "a district court has no jurisdiction to consider the merits of a successive habeas petition," the Report recommends dismissal of the action in its entirety. (Id. at 6-7.)

## DISCUSSION

On December 12, 2022, Gibbs filed a response with numbered "specific objections" to the report, which the Court summarizes as follows[4]:

- 3. Objecting to the declaration that his claims are subject to summary dismissal in a magistrate order filed contemporaneously with the Report, which granted Gibbs' motion to proceed *in forma pauperis*

- 4. Objecting to the Report's summary dismissal of Gibbs' Petition

- 5. Objecting to the removal of the attorney general as a respondent

- 6-7. Objecting to the Report's finding "that the Court lacks jurisdiction over the petition."

- 8-9. Objecting to the Report's "summary on background" in that "the summary recitation is incomplete and leaves out nuances & facts that proffer the inadequate and unavailable due process & equal protection of law." Gibbs then states facts and procedural history that were allegedly left out of the Report.

- 10-11 Objecting to the standard of review in the Report "as being an unreasonable . . . narrow question for the court," i.e. whether it "plainly appears" that petitioner is not entitled to any relief. Additionally, objecting to the unreasonable application of the AEDPA and PLRA "in light of" the cited precedents to Gibbs' Petition. Gibbs then states a "Proposed Standard of Review."

- 12. Objecting to the Report's finding that "claims clearly fall under the purview of § 2254 . . . as being unreasonable and contrary to the pleading, facts and law of court records, orders & purpose."

- I. Objects to the Report's "Recharacterization under 28-USC-§2254"

- II. Objects to the Report's finding that Gibbs "must first obtain authorization from the appropriate court of appeals," and that Gibbs' Petition "constitutes an unauthorized successive petition."

---

[4] Numbers 1 and 2 in Gibbs' filing are introductory and background statements.

(DE 21.)

However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As an initial matter, the Court finds objections 3 and 4 are not specific, but rather "general objections" to the Report's final recommendation to summarily dismiss Gibbs' Petition. Accordingly, those objections are "tantamount to a failure to object." Tyler, 84 F. App'x at 290. Additionally, Gibbs' objections 6 and 7 misconstrue the reasons the Report found that the Court lacks jurisdiction over the petition. Gibbs argues that federal courts have subject matter jurisdiction of habeas petitions brought under either § 2241 and § 2254. (DE 21, p. 3-4.) However, neither the Report nor this Court refute that the Court has subject matter jurisdiction over habeas petitions generally; rather the Report found that district courts do not have jurisdiction to consider the merits of successive § 2254 habeas petitions . (See DE 16, p. 6-7.) Accordingly, Gibbs' objections 6 & 7 are overruled, and his objections to the Report's finding that the court "lacks

jurisdiction over the petition" are addressed later in this order in response to his specific objections regarding successive habeas petitions.

As to objection 5, removal of the Attorney General as a respondent, "[t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). "[Habeas] provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Id. (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)) (emphasis added). Petitioner is a state prisoner incarcerated at Broad River Correctional Institution, and therefore, the Warden of Broad River Correctional Institution is the only proper respondent here. Accordingly, Gibbs' objection 5 is overruled.

Gibbs' objections 8 and 9 contend the Report's "summary [background] recitation is incomplete," and go on to provide a recitation of facts he believes should have been included and considered in the Report. (DE 21, p. 4.) However, many of the factual assertions Gibbs proffers relate to the substantive issues of his habeas petition and are irrelevant to the grounds on which the Report recommends summary dismissal, i.e. the District Court's lack of jurisdiction over successive habeas petitions.[5] Nevertheless, Gibbs raises one issue pertinent to the dispositive issue addressed in the report, that his first Federal Habeas Petition filed on August 27, 2001, was dismissed as untimely without considering the "state cause of delay." However, by Gibbs' own admission, he failed to appeal that decision, and nothing in the record indicates that the dismissal

---

5   For example, Gibbs seeks to include specific details of alleged deficiencies and constitutional violations regarding his original convictions and sentencing, his PCR process, his various appeals, and his state habeas petitions. (DE 16, p. 4-5, ¶¶ 8-9.)

of his first petition was overturned; thus, Gibbs cannot now raise the issue regarding that dismissal. Accordingly, Gibbs' objections 8 and 9 are overruled.

Gibbs' objections 10 and 11 contend the Report's standard of review – "whether it plainly appears that petitioner is entitled to relief" – is unreasonably narrow. (DE 21, p. 6.) Gibbs contends the cases cited in the standard review[6] "are being unreasonably applied contrary to fact and law as pleaded," and goes on to state a proposed standard of review that he contends the Report should have used. (Id. at 6-9.) Reviewing the issues de novo, first, the Magistrate Judge relied on the correct standard of review when assessing whether to dismiss a petition under § 2254. See Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Second, the cases Gibbs objects to are not cited in the Report as case law relating to the substantive issues of habeas claims under the AEDPA or § 2254, but rather establish the standard of review when evaluating a petition filed *pro se* and/or *in forma papuperis* for dismissal. See e.g. Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless.'"); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) ([T]he Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the [*pro se*] plaintiff alleges, however inartfully, to have been infringed.")  Finally, Gibbs' proposed standard of review not only includes arguments,

---

[6] Specifically, the Report states that a "careful review has been made of the petition pursuant to . . . Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978)." (DE 16, p. 4.)

which are inappropriate in a standard of review, but also fails to include the standard by which to review *pro se* filings.  Accordingly, Gibbs' objections 10 and 11 are overruled.

Finally, objection 12 addresses the dispositive issues in the Report, objecting to the Report's recharacterization of Gibbs' Petition filed pursuant to § 2241 as a petition under § 2254, and contending because successive petitions under § 2241 do not need authorization from the Fourth Circuit, such authorization in his case was not required.  (DE 21, p. 9-10.)  After a de novo review, the Court finds that Gibbs' petition was properly recharacterized as a petition under the purview of § 2254, and this Court does not have jurisdiction to hear his successive petition.  Gibbs contends his petition falls under the purview of § 2241(c), which extends habeas corpus to prisoners "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c).  Section 2254, meanwhile, extends habeas corpus to prisoners "in custody pursuant to the *judgment of a State court*" who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a) (emphasis added).  The Fourth Circuit in In re Wright, resolved this apparent statutory overlap, holding "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . even if they challenge the execution of a state sentence."  826 F.3d 774, 780 (4th Cir. 2016).  Accordingly, because Gibbs is in custody pursuant to a State court judgment and seeks to challenge the validity of his state court convictions and sentence, his petition is properly treated as an application under § 2254.

Furthermore, because Gibbs' Petition falls under the purview of § 2254, his petition is subject to the successive authorization requirement under § 2244(b), which states "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application."  28 U.S.C. § 2244(b)(3)(A); see also Rule 9, Rules Governing § 2254 Cases.  A second petition is considered successive when it attacks the same conviction as the first petition, and the first habeas petition has been finally adjudicated on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485–89 (2000) (establishing adjudication of claims on the merits as the measure of a "second or successive petition").  Furthermore, "a dismissal for procedural default is a dismissal on the merits."  Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521, 131 (2011).  Here, Gibbs' first petition was dismissed for the procedural default of being untimely, and his second petition attacks the same convictions and sentence as his first petition.  Additionally, Gibbs has not moved in the Fourth Circuit for an order authorizing this Court to consider the application.  See 27 U.S.C. § 2244(b)(3)(A).  Therefore, this Court does not have jurisdiction to hear the merits of Gibbs' petition.  Accordingly, objection 12 is overruled.

## CONCLUSION

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 16) and incorporates it fully by reference herein.

It is, therefore, **ORDERED** that Gibbs' Petition for Writ of Habeas Corpus is summarily dismissed without prejudice and without requiring the warden to respond.  Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 7, 2023

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.